IN THE UNITED STATES DISTRICT COURT,
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
CASE NO.: _____

| | |
|---|---|
| JONATHAN W. SUPLER, an individual; on behalf of himself and all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> FIRST REVENUE ASSURANCE, LLC, a Delaware Limited Liability Company; and JOHN AND JANE DOES NUMBERS 1 THROUGH 25, <br><br> Defendants. | **CLASS ACTION** <br><br><br> **COMPLAINT FOR VIOLATIONS OF THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT** |

COMES NOW the Plaintiff, Jonathan W. Supler ("SUPLER"), on behalf of himself and all others similarly situated, and by way of Complaint against the Defendant, says:

## I. PARTIES

1. SUPLER is a natural person.

2. At all times relevant to this complaint, SUPLER was a citizen of, and resided in, the City of Raleigh, Wake County, North Carolina.

3. At all times relevant to this complaint, FIRST REVENUE ASSURANCE LLC ("FIRST REVENUE") is a for-profit limited liability company existing pursuant to the laws of the State of Delaware. FIRST REVENUE maintains its principal business

address at 4500 Cherry Creek South Drive, 3rd Floor, City and County of Denver, Colorado.

4. Defendants, JOHN AND JANE DOES NUMBERS 1 THROUGH 25, are sued under fictitious names as their true names and capacities are yet unknown to Plaintiff. Plaintiff will amend this complaint by inserting the true names and capacities of these DOE defendants once they are ascertained.

5. The Plaintiff is informed and believes, and on that basis alleges, that Defendants, JOHN AND JANE DOES NUMBERS 1 THROUGH 25, are natural persons and/or business entities all of whom reside or are located within the United States who personally created, instituted and, with knowledge that such practices were contrary to law, acted consistent with and oversaw policies and procedures used by the employees of FIRST REVENUE that are the subject of this complaint. Those Defendants personally control the illegal acts, policies, and practices utilized by FIRST REVENUE and, therefore, are personally liable for all of the wrongdoing alleged in this Complaint.

## II. JURISDICTION & VENUE

6. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

7. Declaratory relief is available pursuant to under 28 U.S.C. §§ 2201, 2202.

8. Venue is appropriate in this federal district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to Plaintiff's claims occurred within this federal judicial district, and because the Defendant, FIRST REVENUE, is subject to

personal jurisdiction in the State of North Carolina at the time this action is commenced.

### III.  PRELIMINARY STATEMENT

9. Plaintiff, on his own behalf and on behalf of the class he seeks to represent, and demanding a trial by jury, brings this action for the illegal practices of the Defendants who used false, deceptive and misleading practices, and other illegal practices, in connection with their attempts to collect alleged debts from the Plaintiff and others. Plaintiff alleges that the Defendants' collection practices violate the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq.* ("FDCPA").

10. Such practices include, *inter alia*:

    (a) Leaving telephonic voice messages for consumers and others, which fail to provide meaningful disclosure of FIRST REVENUE's identity;

    (b) Leaving telephonic voice messages for consumers, which fail to disclose that the call is from a debt collector; and

    (c) Leaving telephonic voice messages for consumers, which fail to disclose the purpose or nature of the communication (i.e. an attempt to collect a debt).

11. The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another. The United States Congress found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of

individual privacy. Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses. 15 U.S.C. § 1692(a) - (e).

12. The FDCPA is a strict liability statute which provides for actual or statutory damages upon the showing of one violation. The Seventh Circuit has held that whether a debt collector's conduct violates the FDCPA should be judged from the standpoint of the "least sophisticated debtor." *United States v. National Fin. Servs.*, 98 F.3d 131, 136 (4th Cir. 1996).

13. To prohibit harassment and abuses by debt collectors the FDCPA, at 15 U.S.C. § 1692d, provides that a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt and names a non-exhaustive list of certain *per se* violations of harassing and abusive collection conduct. 15 U.S.C. § 1692d(1)-(6). Among the *per se* violations is the placement of telephone calls without meaningful disclosure of the caller's identity, 15 U.S.C. § 1692d(6).

14. To prohibit deceptive practices, the FDCPA, at 15 U.S.C. § 1692e, outlaws the use of false, deceptive, and misleading collection letters and names a non-exhaustive list of certain *per se* violations of false and deceptive collection conduct. 15 U.S.C. § 1692e(1)-(16). Among these *per se* violations are: the failure by debt collectors to disclose in initial oral communications that the debt collector is attempting to collect a

15. The Plaintiff, on behalf of himself and all others similarly situated, seeks statutory damages, attorney fees, costs, and all other relief, equitable or legal in nature, as deemed appropriate by this Court, pursuant to the FDCPA, and all other common law or statutory regimes.

## IV. FACTS CONCERNING PLAINTIFF

16. Sometime prior to May 6, 2008, SUPLER allegedly incurred a financial obligation to AT&T Mobility, formerly Cingular ("AT&T Obligation").

17. The AT&T Obligation arises out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

18. Defendants contend that SUPLER defaulted on the AT&T Obligation.

19. The AT&T Obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

20. SUPLER is, at all times relevant to this complaint, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

21. SUPLER is informed and believes, and on that basis alleges, that sometime prior to May 2008, the AT&T Obligation was either directly or through intermediate transactions assigned, placed, transferred, or sold to FIRST REVENUE for collection.

22. FIRST REVENUE collects, and attempts to collect, debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of creditors using the U.S. Mail, telephone, and Internet.

23. Within the one year immediately preceding the filing of this complaint, FIRST REVENUE contacted SUPLER via telephone in an attempt to collect the AT&T Obligation.

24. FIRST REVENUE is, at all times relevant to this complaint, a "debt collector" as defined by 15 U.S.C. § 1692a(6).

25. Within the one year immediately preceding the filing of this complaint, FIRST REVENUE placed telephone calls to SUPLER and left telephonic voice messages ("Messages") on his home telephone voicemail system in an attempt to collect the AT&T Obligation.

26. The following is a transcription of one such pre-recorded Message that FIRST REVENUE left for SUPLER on multiple occasions in or about December 2008 and February 2009:

> "This is an important business matter from First Revenue Assurance. Please return the call at 1-800-452-6394. Again, that number is 1-800-452-6394."

27. An electronic copy of the above Message is embedded in the electronic filing of this Complaint and may be heard by clicking *__here__*.

Page 6 of 14
Case 5:09-cv-00550-D   Document 1   Filed 12/26/09   Page 6 of 14

28. Each of the Messages was left in connection with the collection of a "debt" as defined by 15 U.S.C. § 1692a(5).

29. Each of the Messages is a "communication" as defined by 15 U.S.C. § 1692a(2).

30. Each of the Messages was left by, or caused to be left by, persons employed by FIRST REVENUE.

31. Each of the Messages failed to meaningfully identify FIRST REVENUE as the caller.

32. Each of the Messages uniformly failed to disclose that the communication was from a debt collector.

33. Each of the Messages uniformly failed to disclose the purpose or nature of the communication (i.e., an attempt to collect a debt).

34. At the time SUPLER received the Messages, he did not know that the calls were from a debt collector.

35. At the time SUPLER received the Messages, he did not know that the calls concerned the collection of a debt.

36. The telephone number "1-800-452-6394" is answered by debt collectors employed by FIRST REVENUE.

37. FIRST REVENUE's act of leaving the Messages for Plaintiff is conduct the natural consequences of which is to harass, oppress, or abuse a person in connection with the collection of a debt and is in violation of the FDCPA.

38. FIRST REVENUE's act of leaving the Messages for Plaintiff constitutes the use of a false, deceptive, or misleading representation or means in connection with the collection of any debt and is in violation of the FDCPA.

39. The FDCPA secures the consumer's right to have a debt collector cease further communications with the consumer. By failing to meaningfully identify itself, disclose the purpose of its call and that FIRST REVENUE is a debt collector in a manner understandable to the least sophisticated consumer, FIRST REVENUE has engaged in conduct designed to deprive consumers of their right to have a debt collector cease further communications.

## V. POLICIES AND PRACTICES COMPLAINED OF

40. It is Defendants' policy and practice to leave telephonic voice messages for consumers and other persons, such as the Messages, that violate the FDCPA by uniformly failing to:

   (a) Provide meaningful disclosure of FIRST REVENUE's identity as the caller;

   (b) Disclose that the communication was from a debt collector; and

   (c) Disclose the purpose or nature of the communication, i.e., an attempt to collect a debt.

41. On information and belief, FIRST REVENUE left messages on more than 50 consumers' telephone answering devices which are the same as or substantially the same as the Messages in that it failed to provide meaningful disclosure of FIRST REVENUE's identity as the caller, to disclose the purpose or nature of the

communication (i.e., an attempt to collect a debt), and to disclose that the communication was from a debt collector.

## VI. CLASS ALLEGATIONS

42. This action is brought as a class action. Plaintiff brings this action on behalf of himself and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

43. The Plaintiff Class consists of all persons with telephone numbers in the 919 area code for whom Defendants (or any of them), while seeking payment of a debt, left a Message by dialing that telephone number within the Time Period. "Message" means a voice recording placed on a class member's answering machine or voicemail by Defendants (or any of them) while attempting to collect a debt which did not disclose either FIRST REVENUE's identity as the caller, the purpose or nature of the communication (i.e., an attempt to collect a debt), or that the Message was being left by a debt collector. "Time Period" means the continuous period of time beginning on the earliest date which is within one year prior to the filing of this Complaint and ending on the twentieth day after service of the Summons and Complaint.

44. The identities of all class members are readily ascertainable from the records of FIRST REVENUE and those companies and governmental entities on whose behalf it attempt to collects debts.

45. Excluded from the Plaintiff Class are the Defendants and all officers, members, partners, managers, directors, and employees of FIRST REVENUE and their respective immediate families, and legal counsel for all parties to this action and all

46. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. Those principal issues are: whether the Defendants' telephonic voice messages, such as the Messages, violate: 15 U.S.C. §§ 1692d(6) and 1692e(11).

47. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories.

48. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor his attorneys have any interests, which might cause them not to vigorously pursue this action.

49. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

    (a) **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

    (b) **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominate over any questions or issues involving only individual class members. The principal issues are: whether the Defendants' telephonic

voice messages, such as the Messages, violate: 15 U.S.C. §§ 1692d(6) and 1692e(11).

(c) **Typicality:** The Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendants' common uniform course of conduct complained of herein.

(d) **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor his counsel has any interests which might cause them not to vigorously pursue the instant class action lawsuit.

(e) **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender. An important public interest will be served by addressing the matter as a class action, substantial expenses to the litigants and to the judicial system will be realized, and the potential inconsistent or contradictory adjudications will

be avoided as contemplated by Rule 23(b)(1) of the Federal Rules of Civil Procedure.

50. Certification of the Class under Rule 23(b)(1)(A) of the Federal Rules of Civil Procedure is appropriate because adjudications with respect to individual members create a risk of inconsistent or varying adjudications which could establish incompatible standards of conduct for Defendants, which, on information and belief, collect debts throughout the United States of America.

51. Certification of the Class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate in that a determination that the Messages violate 15 U.S.C. §1692d(6) and/or §1692e(11) is tantamount to declaratory relief and the additional damages allowable under the FDCPA would be merely incidental to that determination.

52. Certification of each Plaintiff Class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

53. Plaintiff may seek certification only as to particular issues as permitted under Fed. R. Civ. P. 23(c)(4).

## VII. FIRST CAUSE OF ACTION
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### (AGAINST ALL DEFENDANTS)

54. Plaintiff realleges and incorporates by reference the allegations in the preceding paragraphs of this Complaint.

55. Defendants violated the FDCPA. Defendants' violations with respect to the Messages include, but are not limited to, the following:

(a) Placing telephone calls without providing meaningful disclosure of FIRST REVENUE's identity as the caller in violation of 15 U.S.C. § 1692d(6);

(b) Failing to state the nature or purpose of the call in violation of 15 U.S.C. § 1692d(6);

(c) Failing to disclose in its initial communication with the consumer that FIRST REVENUE is attempting to collect a debt and that any information obtained will be used for that purpose, which constitutes a violation of 15 U.S.C. § 1692e(11); and

(d) Failing to disclose in all oral communications that FIRST REVENUE is a debt collector in violation of 15 U.S.C. §1692e(11).

## VIII. PRAYER FOR RELIEF

56. WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in his favor and in favor of the Plaintiff Class as follows:

A. **For the FIRST CAUSE OF ACTION**:

(i) An order certifying that the First Cause of Action may be maintained as a class pursuant to Rule 23 of the Federal Rules of Civil Procedure and appointing SUPLER and the undersigned counsel to represent the Plaintiff Class as previously set forth and defined above.

(ii) An award of the maximum statutory damages for SUPLER and the Plaintiff Class pursuant to 15 U.S.C. § 1692k(a)(B);

(iii) Declaratory relief adjudicating that FIRST REVENUE's telephone messages violate the FDCPA;

(iv) Attorney's fees, litigation expenses, and costs pursuant to 15 U.S.C. § 1692k(a)(B)(3); and

(v) For such other and further relief as may be just and proper.

This 25th day of December 2009.

*s/ Peter R. Shedor*
Peter R. Shedor, Esq.
*Attorneys for Plaintiff*
SHEDOR LAW FIRM, PLLC
401 High House Road, Suite 140
Cary, NC  27513
E-Mail:  pete@shedorlawfirm.com
Telephone: (919) 461-7017
Facsimile:   (919) 461-7018
State Bar No. 16050


*s/ Philip D. Stern*
Philip D. Stern, Esq.
*Attorneys for Plaintiff*
PHILIP D. STERN & ASSOCIATES, LLC
697 Valley Street, Suite 2D
Maplewood, NJ 07040-2642
E-Mail:  pstern@philipstern.com
Telephone: (973) 644-0770
Facsimile:  (973) 532-0866
NJ State Bar No. 049521984